**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TERRY SHERMAN,  )
       Plaintiff,  )
        )
   v.  )   2:12-cv-1229-RCJ-VCF
        )
        )   **ORDER**
TAYLOR BEAN & WHITAKER MORTGAGE )
CO., et al.,  )
        )
       Defendants.  )
        )
_____ )

       On March 15, 2012, Plaintiff Terry Sherman filed a complaint in Nevada state court against Defendants Taylor Bean & Whitaker Mortgage Co., Quality Loan Servicing Corp., MTC Financial d/b/a Trustee Corps., Roundpoint Mortgage Servicing Corp., and Mortgage Electronic Registration Systems, Inc. ("MERS"). (Compl. (#1) at 8). The complaint contains nine causes of action related to the foreclosure of Plaintiff's home. (*Id.* at 12-18). The complaint was later removed to this Court on July 11, 2012. (Pet. for Removal (#1)).

       Defendants Roundpoint Mortgage Servicing, MERS, and Taylor Bean & Whitaker filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on July 16, 2012. (Mot. to Dismiss (#7)). Plaintiff failed to respond to the motion to dismiss.

       On July 17, 2012, the Clerk of Court gave notice to Plaintiff that he had not filed proof of service as to Defendants Quality Loan Servicing and MTC Financial. (Notice of Intent to Dismiss (#8) at 1). The Clerk of Court warned that:

> this action shall be dismissed without prejudice as to said party(ies) unless on or before **08/16/2012** there is filed with the clerk proof of service on the above-named party(ies), which service must have taken place prior to the expiration of the 120-day time limit set forth in Fed. R. Civ. P. 4(m), or good cause is shown why such service was not made in that period.

(*Id.*) (emphasis in original).  The Clerk of Court further warned that "[f]ailure to comply with this Notice shall result in automatic dismissal of the action without prejudice as to said party(ies)." (*Id.*)  Plaintiff failed to file proof of service with the Court by August 16, 2012 or show good cause as to why service was not made.

Under Nevada Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Plaintiff here failed to file a response to the motion to dismiss filed by Roundpoint Mortgage Servicing, MERS, and Taylor Bean & Whitaker.  Under Nevada Local Rule 7-2(d), Plaintiff is therefore deemed to consent to the granting of the motion to dismiss.  Accordingly, the Court dismisses the complaint against Roundpoint Mortgage Servicing, MERS, and Taylor Bean & Whitaker with prejudice.

Plaintiff has additionally failed to file proof of service as to Defendants Quality Loan Servicing and MTC Financial as required.  Pursuant to Rule 4(m), a plaintiff has 120 days to serve the defendants after the complaint is filed and must provide proof of service to the court if service has not been waived.  FED. R. CIV. P. 4(l)-(m).  If the plaintiff fails to serve the defendants within the 120-day period, the court must dismiss the action without prejudice unless the plaintiff shows good cause for his failure to serve the defendants.  FED. R. CIV. P. 4(m). Plaintiff here has failed present proof of service as to Defendants Quality Loan Servicing and MTC Financial as required by Rule 4 and the notice issued by the Clerk of Court. Accordingly, Quality Loan Servicing and MTC Financial are dismissed without prejudice.

For the foregoing reasons, IT IS ORDERED that the motion to dismiss (#7) is GRANTED with prejudice.

IT IS FURTHER ORDERED that Quality Loan Servicing and MTC Financial are DISMISSED without prejudice for failure to provide proof of service.

DATED: This 21st day of September, 2012.

_____
United States District Judge

2